The Court.
 

 The constitutional provision in relation to amendments gives the
 
 power
 
 to this court to allow such amendments as shall be necessary in order to try causes according to their
 
 real
 
 merits.
 
 (Art.
 
 6,
 
 sec.
 
 lf>.) The question, therefore, is whether this plea of the act of limitation is a plea to the
 
 real
 
 merits of the cause. We think it is not. It is a plea to the remedy and not to the substance of the action. Acts extending or reducing the period of limitation are constitutional only because they do not touch the contract, but only the remedy. It is true, as stated by the defendant’s counsel, and cited from the books, that this plea is treated sometimes as a plea to the legal merits; and that a pai’ty may swear to a defence on the merits where his defence is the act of limitatation; because, strictly speaking, any de-fence which the law gives is a part of the legal merits of the case.'
 
 *76
 
 But the constitution by expressly referring to the
 
 real merits,
 
 intends a distinction between those and mere
 
 legal merits;
 
 and it is right that such a distinction should be made. There is no reason why these parties, having placed their cause at issue on all the points of defence which the defendant pleased to set up, should now, at the moment of trial, be permitted to amend for any purpose which will not subserve the real merits of the cause.
 

 Motion refused.
 

 Bayard
 
 now moved to set aside the declaration, on the ground that it did not correspond with the action itself as brought; the action being brought by Coard Burton and Arcada his wife, against
 
 Peter Waples
 
 and Mary his wife; and the declaration was stated to be against Mary Waples alone.
 

 Upon looking at the narr., it was found to commence in the usual form (omitting the caption or recital of the writ,) “And thereupon the said Coard Burton and wife complain, that the said Mary Wa-ples,” &c., &c., and by reason of
 
 this
 
 omission there was no statement on the face of this declaration that Peter Waples, the husband, was joined.
 

 But the court said the caption is supposed. In some of the counties, it is the practice to recite the writ in the commencement of the declaration; in others not; generally speaking, it is not usual; but in drawing up the record, the prothonotary or the party would have a right to insert the formal recital of the writ. If that were done in this case, the declaration would stand thus: — “Peter Waples and Mary his wife, were summoned to answer Coard Burton and Arcada his wife, in a plea of trespass on the case, &c. And thereupon the said Coard Burton and Arcada his wife complain, that the said Mary Waples,” &c., &c., as in this declaration.
 

 There is no occasion for an averment that the defendants are husband and wife, because such an averment would not be traversable; and if the objection were such, it ought to be made by way of plea in abatement. The only reason, therefore, why Peter Waples should be mentioned in the narr., is to show that it conforms to the writ, and that the action is still carried on against him as well as his wife; this is done by merely reciting the writ. The charge of the declaration must necessarily be against the wife, being for á tort committed by her. But as the defendant states that the objection is taken in reference to questions to be raised hereafter; we direct that the writ be recited in the caption of this declaration.
 

 Motion refused.
 

 
 *77
 

 Ridgely
 
 and
 
 Frame,
 
 for plaintiff.
 

 Cullen
 
 and
 
 Bayard,
 
 for defendant.
 

 The action was originally commenced against Peter Waples and Mary his wife; pending the suit Peter Waples died, and his death was suggested on the record. After this, Mary Waples, the defendant, married again with one Thomas Wilson, and the marriage was suggested on the record; but on the case coming up for trial, the court directed this last suggestion to be stricken out, as unnecessary and improvidently made.
 

 The case was then compromised.